**WEILAND GOLDEN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Christopher J. Green, State Bar No. 295874
cgreen@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Proposed Attorneys for Chapter 7 Trustee
Thomas H. Casey

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>WILLIAM BRADFORD WHEATLEY,<br><br>Debtors.<br><hr>THOMAS H. CASEY, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br>CLARE LEACH WHEATLEY AND THE ESTATE OF GRADY W. LEACH JR. AND JEANNE H. LEACH,<br><br>Defendants. | Case No. 8:13-bk-15381-CB<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE AND RECOVERY OF THE 1999 NOTE AND 2000 NOTE AS UNENFORCEABLE DEBT PURSUANT TO 11 U.S.C. § 544(b), 11 U.S.C. § 550, and ALABAMA CODE § 6-2-34;**<br>**(2) AVOIDANCE AND RECOVERY OF THE 2000 NOTE AND 2009 NOTE AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b), 11 U.S.C. § 550, AND 740 I.L.C.S. § 160;**<br>**(3) AVOIDANCE AND RECOVERY OF THE 2002 CHARGE AS A FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b), 11 U.S.C. § 550, 740 I.L.C.S. § 160;**<br>**(4) AVOIDANCE AND RECOVERY OF THE PURPORTED LIENS SECURING THE 2000 NOTE AND 2009 NOTE AS UNPERFECTED LIENS PURSUANT TO 11 U.S.C. § 544(a), 11 U.S.C. § 550 AND THE ANTIGUA REGISTERED LAND ACT (CHAPTER 374(64));**<br>**(5) PRESERVATION OF ALL NOTES AND ALL LIENS FOR THE BENEFIT OF THE ESTATE;**<br>**(6) EQUITABLE SUBORDINATION OF ALL NOTES AND ALL LIENS PURSUANT TO 11 U.S.C. § 510(c); AND**<br>**(7) AWARD OF ATTORNEYS' FEES AND COSTS** |

**TO THE DEFENDANTS AND THEIR COUNSEL:**

Thomas H. Casey, the chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of William Bradford Wheatley ("Debtor") is informed and believes and respectfully alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 323, 544, and 550. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (K).

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and relates to the case entitled *In re William Bradford Wheatley* a chapter 7 case bearing case number 8:13-bk-15381-CB currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Catherine E. Bauer presiding. The Debtor filed his chapter 7 bankruptcy petition on June 24, 2013 ("Petition Date").

### PARTIES TO THE ACTION

4. The Trustee is the duly appointed, qualified and acting chapter 7 trustee for the Debtor's bankruptcy Estate.

5. The Trustee is informed, believes, and alleges that the Debtor is an individual currently residing in Orange County, California. The Trustee is further informed and believe that at all times relevant hereto, the Debtor and his wife Clare Leach Wheatley ("Mrs. Wheatley") were residents of Illinois.

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

6. The Trustee is informed, believes, and alleges that the Debtor is a former employee of Comdisco, Inc. ("Comdisco") and a participant in Comdisco's Share Investment Plan (the "SIP").

7. The Defendant Estate of Grady W. Leach Jr. and Jeanne H. Leach is the estate of the Debtor's deceased parents in-law.

## STATEMENT OF STANDING

8. The Debtor filed a voluntary chapter 7 petition on June 24, 2013.

9. The Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of the Debtor's Estate.

10. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 105, 323, 544, and 550.

## GENERAL ALLEGATIONS

11. The Trustee incorporates each and every allegation contained in paragraphs 1 through 10 as though fully set forth herein.

12. The Trustee is informed, believes, and alleges that the Debtor owns vacation property with Mrs. Wheatley in Mill Reef Club, Antigua (the "Antigua Property"). The Antigua Property includes a house, staff quarters, and a swimming pool, and is located in a high-end section of Antigua. According to a May 29, 2013 valuation report the Debtor had prepared, the Antigua Property was worth $946,000. Currently, the Debtor is using the Antigua Property both as a personal vacation property and as a rental.

13. The Trustee is informed, believes, and alleges that the Debtor purchased the Antigua Property in or about 1999 for approximately $400,000. The purchase price was allegedly funded from the proceeds of a loan from the Debtor's in-laws Grady W. Leach Jr. and Jeanne H. Leach. The Promissory Note was signed on May 24, 1999 for $400,000 at 5% per year (the "1999 Note").

14. The Trustee is informed, believes, and alleges that no lien or mortgage was recorded against the Antigua Property in favor of any party at the time of the purchase.

15. The Trustee is informed, believes, and alleges that on July 11, 2001, the Debtor executed a "Charge," which was recorded in the Antigua Land Register in 2002 to secure the 1999 Note. The Charge purports to be made as security for an aggregate debt of $515,000 owed to Grady W. Leach Jr. and Jeanne H. Leach, consisting of $400,000 for the purchase of the Antigua Property, $40,000 for 2 years' interest on the 1999 Note, and an unexplained $75,000 for loan finance.

16. The Trustee is informed, believes, and alleges that the $75,000 "loan finance" charge appears to have been a new addition to the Charge. There is no reference to this charge in the 1999 Note and no other evidence of the source of this purported obligation. The Debtor and Mrs. Wheatley executed the Charge just a week before Comdisco filed its bankruptcy case on July 16, 2001, and shortly after the Debtor's Comdisco SIP note giving rise to the Litigation Trustee's claim went into default.

17. The Trustee is informed, believes, and alleges that the Debtor is a former employee of Comdisco and an obligor under a certain Master Promissory Note dated February 10, 1998 (the "Promissory Note"). The Promissory note was guaranteed by Comdisco and used to finance the Debtor's purchase of Comdisco common stock as part of a Shared Investment Plan ("SIP").

18. The Trustee is informed, believes, and alleges that on July 16, 2001, Comdisco filed for relief under chapter 11 of the Bankruptcy Code, and as a result, a default was declared under the Promissory Note on or about July 23, 2001.

19. The Trustee is informed, believes, and alleges that following a settlement of Comdisco's guaranty obligations with respect to the Promissory Note, the Comdisco Litigation Trust took assignment of the Promissory Note and subsequently filed a complaint against the Debtor in the Circuit Court of Cook County, Illinois seeking enforcement of the Promissory Note. The Promissory Note Law Suit is currently pending, and is stayed as a result of the Debtor's bankruptcy filing.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

20.     The Trustee is informed, believes, and alleges that in Schedule A of the Debtor's bankruptcy schedules, the Debtor listed the Antigua Property and listed the current value of his interest in the Antigua Property in the amount of $946,000.00.  In Schedule A, the Debtor also lists secured claims in the amount of $1,367,000.00 against the Antigua Property.  In his schedule D, the Debtor scheduled the "William S. Leach & Grady W. Leach Jr, and Grady W. Leach Estate" as creditors holding secured claims in the amount of $1,367,000.00.

21.     The Trustee is informed, believes, and alleges that since the original 1999 Note, the Debtor and wife executed two additional notes in favor of the Debtor's in-laws. The first note is for $20,000 and was executed on October 26, 2000 (the "2000 Note"). The Debtor testified in his Rule 2004 examination that he does not remember the purpose or even executing the 2000 Note and there is no reference in the Charge to the 2000 Note.

22.     The Trustee is informed, believes, and alleges that the second note is for $431,617, executed on March 10, 2009 (the "2009 Note").  The Debtor testified in his Rule 2004 examination that the purpose of the 2009 Note was to cover a margin call on Mrs. Wheatley's stock and that the proceeds from the Note were not used on the Antigua Property.

23.     The Trustee is informed, believes, and alleges that the 2009 Note states that it "will be added to property charge" in Antigua.  However, although the Charge permits tacking of additional secured loans onto the Charge, the Antigua Land Register contains no entries showing that any subsequent note or debt was ever tacked.

24.     The Trustee is informed, believes, and alleges that the 1999 Note, 2000 Note, and 2008 Note (the "Notes") for these loans are demand notes.  The Debtor testified that no demand for payment of any of these Notes has ever been made and he did not know whether any demand would ever be made. The Debtor further testified that no principal or interest payments have ever been made.  The Debtor's in-laws are now

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

deceased, and the estate is in probate. The probate estate did not file any secured or unsecured claim based on the Notes in the Debtor's bankruptcy proceeding.

25. The Trustee is informed, believes, and alleges that per the Debtor's bankruptcy Schedule A, the Debtor claims to have $1,367,000 in mortgages against the Antigua property. The Debtor testified that he believes all three loans are secured by the Antigua property, and the amount of the purported secured claim reflects the inclusion of all three Notes in the calculation.

## **FIRST CLAIM FOR RELIEF**

**(For Avoidance and Recovery of the 1999 Note and 2000 Note pursuant to 11 U.S.C. § 544(b)(1), 11 U.S.C. § 550, 740 I.L.C.S. 160/5, 740 I.L.C.S. 160/6)**

26. The Trustee incorporates each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. Under Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

28. The Trustee is informed, believes, and alleges that applicable non-bankruptcy law with respect to the enforceability of the 1999 Note and 2000 Note is Alabama Code § 6-2-34 because the 1999 Note and 2000 Note were signed in Alabama. Alabama Code § 6-2-34 states that an action to enforce a promissory note is barred if neither principal nor interest is paid for a period of six years and no demand is made. Alabama Code § 6-2-34

29. The Trustee is informed, believes, and alleges that the Debtor has not made any payments on the 1999 Note or the 2000 Note and no demand on the 1999 Note or 2000 Note has been made, and accordingly the 1999 Note and 2000 Note are unenforceable.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

30. By reason of the foregoing, the Trustee requests that the 1999 Note and 2000 Note be avoided pursuant to section 544(b) of the Bankruptcy Code under Alabama Law, and the Plaintiff is entitled to recover the 1999 Note and 2000 Note or the value of the notes for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

**(For Avoidance and Recovery of the 2000 Note and 2009 Note pursuant to 11 U.S.C. § 544(b)(1), 740 I.L.C.S. 160/5, 740 I.L.C.S. 160/6)**

31. The Trustee incorporates each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Under Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid "any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

33. The Trustee is informed, believes, and alleges that applicable non-bankruptcy law with respect to the 2000 Note and 2009 Note is the Illinois Fraudulent Conveyance Act because, at the time the Debtor executed these notes, the Debtor was a resident of Illinois.

34. Pursuant to the Illinois Fraudulent Conveyance Act, the statute of limitations to file a complaint to avoid a fraudulent conveyance regarding the 2000 Note and 2009 Note did not begin to run until after the Notes were discovered. 740 I.L.C.S. 160/10(a).

35. The Notes were not discovered by the Trustee until after the Petition Date.

36. Section 108(a)(2) of the Bankruptcy Code extends the statute of limitations for claims under non-bankruptcy law such as the Illinois Fraudulent Conveyance Act to two years after petition date.

37. The Trustee is informed, believes, and alleges that this complaint is not barred by the applicable statute of limitations because it was filed within two years of the Petition Date.

38. To establish that a conveyance is fraudulent and avoidable under the Illinois Fraudulent Conveyance Act, three elements must be present: (1) there must be a transfer made for no or inadequate consideration; (2) there must be an existing or contemplated indebtedness against the transferor; and (3) it must appear that the transferor did not retain sufficient property to pay his indebtedness.

39. The Trustee is informed, believes, and alleges that the Debtor received no consideration for the 2000 Note or the 2009 Note.

40. The Trustee is informed, believes, and alleges that the 1999 Note was existing indebtedness against the Debtor.

41. The Trustee is informed, believes, and alleges that, due to his obligation on the Comdisco note, the Debtor was insolvent at the time the Debtor attempted to encumber the Antigua Property with the 2000 Note and the 2009 Note.

42. The Trustee is informed, believes, and alleges that, due to his obligation on the Comdisco note, the Debtor was insolvent at the time the Debtor incurred the 2000 Note and the 2009 Note.

43. The Trustee is informed and believes, and on that basis alleges that, the 2000 Note and 2009 Note were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

44. By reason of the foregoing, the 2000 Note and 2009 Note are avoidable, the Trustee is entitled to set aside the 2000 Note and 2009 Note pursuant to 11 U.S.C. § 544(b) and 740 I.L.C.S. 160, and Trustee is entitled to recover the 2000 and 2009 Notes or the value of the Notes for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### THIRD CLAIM FOR RELIEF
**(For Avoidance and Recovery of the 2002 Charge pursuant to 11 U.S.C. § 544(b)(1), 740 I.L.C.S. 160/5, 740 I.L.C.S. 160/6)**

45. The Trustee incorporates each and every allegation contained in paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. The Trustee is informed, believes, and alleges that the "Charge" recorded in 2002 was a fraudulent transfer, and that the Debtor encumbered the Antigua Property to secure the 1999 Note in anticipation of his obligation on the Comdisco note becoming due and owing, or after his obligation on the Comdisco note became due and owing.

47. Under Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

48. The Trustee is informed, believes, and alleges that applicable non-bankruptcy law with respect to the "Charge" transfer is the Illinois Fraudulent Conveyance Act because, at the time the Debtor executed the Charge, the Debtor was a resident of Illinois.

49. Pursuant to the Illinois Fraudulent Conveyance Act, the statute of limitations to file a complaint to avoid a fraudulent conveyance regarding the Charge transfer did not begin to run until after the Charge was discovered.  740 I.L.C.S. 160/10(a).

50. The Charge was not discovered by the Trustee until after the Petition Date.

51. Section 108(a)(2) of the Bankruptcy Code extends the statute of limitations for claims under non-bankruptcy law such as the Illinois Fraudulent Conveyance Act to two years after the petition date.

52. The Trustee is informed, believes, and alleges that this complaint is not barred by the applicable statute of limitations because it was filed within two years of the Petition Date.

53. To establish that a conveyance is fraudulent and avoidable under the Illinois Fraudulent Conveyance Act, three elements must be present: (1) there must be a transfer made for no or inadequate consideration; (2) there must be an existing or contemplated indebtedness against the transferor; and (3) it must appear that the transferor did not retain sufficient property to pay his indebtedness.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

54. The Trustee is informed, believes, and alleges that the Debtor received no consideration for the 2002 Charge transfer.

55. The Trustee is informed, believes, and alleges that the 1999 Note was existing indebtedness against the Debtor.

56. The Trustee is informed, believes, and alleges that, due to his obligation on the Comdisco note, the Debtor was insolvent at the time the Debtor encumbered the Antigua Property with the 2002 Charge transfer.

57. The Trustee is informed and believes, and on that basis alleges that the 2002 Charge transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

58. Based on the foregoing allegations, the Trustee requests that the lien created by the 2002 Charge transfer allegedly securing the 1999 Note be avoided pursuant to section 544(b) of the Bankruptcy Code under Illinois Law, and the Trustee is entitled to recover the 2002 Charge transfer or the value of the 2002 Charge transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

59. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendants or other parties. It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendants or any other transferee. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the fraudulent transfers, (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. § 542, § 544, § 545, § 548 and § 549) (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## FOURTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of the Purported Liens Securing the 2000 Note and 2009 Note pursuant to 11 U.S.C. § 544(a)(1) and 11 U.S.C. § 550 and Antigua Registered Land Act, Cap. 374)**

60. The Trustee incorporates each and every allegation contained in paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. Antigua Registered Land Act, Cap. 374(64) states that any instrument to secure the payment of debt shall obtain a "charge" which "shall be completed by its registration as an incumbrance and the registration of the person in whose favor it is created as a proprietor and by filing the instrument." Antigua Registered Land Act, Chapter 374(64)(1)-(3).

62. The Trustee is informed, believes, and alleges that the liens purporting to secure the 2000 Note and 2009 Note were not were not properly recorded or filed under the Antigua Registered Land Act and are therefore unperfected.

63. By reason of the foregoing, the liens purporting to secure the 2000 Note and 2009 Note are avoidable, the Trustee is entitled to set aside the liens securing the 2000 Note and 2009 Note pursuant to 11 U.S.C. § 544(a), and the Trustee is entitled to recover the 2000 Note and 2009 Note or the value of these notes for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## FIFTH CLAIM FOR RELIEF

**(To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)**

64. The Trustee incorporates each and every allegation contained in paragraphs 1 through 62, inclusive, as though fully set forth herein.

65. Pursuant to 11 U.S.C. § 551, the 1999 Note, 2000 Note, 2009 Note and all liens which purport to secure them are preserved for the benefit of the Estate as these transfers are avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

## SIXTH CLAIM FOR RELIEF

**(For Equitable Subordination and Transfer of Claims to the Estate)**

66. The Trustee incorporates each and every allegation contained in paragraphs 1 through 64, inclusive, as though fully set forth herein.

67. The Trustee is informed, believes, and alleges that the Notes and the purported liens which purport to secure them were an attempt by the Debtor and closely related insiders designed and intended to hinder, delay or defraud the Debtor's creditors. The Debtor has never made a payment on the Notes and no demand for payment has ever been made. The holder of the Notes are close family relatives whose estate has failed to file a claim in the Debtor's bankruptcy case.

68. Based on the foregoing allegations, to the extent that the Notes and/or liens securing the notes have any validity, the Trustee requests that the Court equitably subordinate the Notes and order that any purported liens securing such subordinated claims be transferred to the estate pursuant to 11 U.S.C. § 510(c).

## SEVENTH CLAIM FOR RELIEF

**(For Award of Attorneys' Fees and Costs)**

69. The Trustee incorporates each and every allegation contained in paragraphs 1 through 67, inclusive, as though fully set forth herein.

70. Based on the foregoing allegations, the Trustee is entitled to reasonable attorneys' fees and costs resulting from bringing the instant action.

**WHEREFORE**, Trustee prays that this Court enter a judgment against Defendants as follows:

### On the First Claim for Relief

1. Avoiding the 1999 Note and 2000 Note pursuant to section 544(b) of the Bankruptcy Code and Alabama Law, and recovering the notes or the value of the notes for the benefit of the Estate pursuant to 11 U.S.C. § 550.

**On the Second Claim for Relief**

2. Avoiding the 2000 Note and 2009 Note as fraudulent transfers pursuant to section 544(b) of the Bankruptcy Code and 740 I.L.C.S. 160, and awarding the Trustee the 2000 and 2009 Notes or the value of the Notes for the benefit of the Estate pursuant to 11 U.S.C. § 550.

**On the Third Claim for Relief**

3. Avoiding the lien created by the 2002 Charge transfer pursuant to section 544(b) of the Bankruptcy Code and Illinois law, and declaring that the 2002 Charge transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the 2002 Charge transfer for the benefit of the Estate.

**On the Fourth Claim for Relief**

4. Avoiding the liens securing the 2000 Note and 2009 Note pursuant to section 544(a) of the Bankruptcy Code and awarding the Trustee the value of the liens securing these notes for the benefit of the Estate.

**On the Fifth Claim for Relief**

5. Pursuant to 11 U.S.C. § 551 preserving the 1999 Note, 2000 Note, 2009 Note and all liens which purport to secure them for the benefit of the Estate.

**On the Sixth Claim for Relief**

6. To the extent that the Notes and/or liens securing the notes have any validity, the Trustee requests that the Court equitably subordinate the Notes and order that any purported liens securing such subordinated claims be transferred to the estate pursuant to 11 U.S.C. § 510(c).

**On the Seventh Claim for Relief**

7. The Trustee be awarded his costs and attorneys' fees incurred in this action.

**On all Claims for Relief**

8. The Trustee be awarded his costs and attorneys' fees incurred in this action;

9. For pre-judgment and post-judgment interest at the maximum legal rate; and

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

10. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 23, 2015        WEILAND GOLDEN LLP

By: /s/ CHRISTOPHER J. GREEN

Christopher J. Green
Counsel for Thomas H. Casey,
Chapter 7 Trustee

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WEILAND GOLDEN LLP<br>Jeffrey I. Golden, State Bar No. 133040<br>jgolden@wgllp.com<br>Christopher J. Green, State Bar No. 295874<br>cgreen@wgllp.com<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA  92626<br>Telephone: 714-966-1000<br>Facsimile: 714-966-1002<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br>WILLIAM BRADFORD WHEATLEY,<br><br><br><br>Debtor(s). | CASE NO.: 8:13-bk-15381-CB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| THOMAS H. CASEY, CHAPTER 7 TRUSTEE,<br><br><br><br>Plaintiff(s)<br>Versus<br>CLARE LEACH WHEATLEY AND THE ESTATE OF GRADY W. LEACH JR. AND JEANNE H. LEACH,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____  **Place:**
**Time:** _____  ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____  ☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                                                         Page 1                                             F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        **KATHLEEN J. CAMPBELL**
                                        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                        By: _____
                                                Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                         Page 2                                      **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
*Date*          *Printed Name*                                    *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                                Page 3                                F 7004-1.SUMMONS.ADV.PROC

FORM B104 (08/07)                                                                                            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> THOMAS H. CASEY, CHAPTER 7 TRUSTEE | **DEFENDANTS** <br> CLARE LEACH WHEATLEY AND THE ESTATE OF GRADY W. LEACH JR. AND JEANNE H. LEACH |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> WEILAND GOLDEN LLP <br> 650 TOWN CENTER DRIVE, SUITE 950 <br> COSTA MESA, CA 92626    PHONE: 714-966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☒ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> SEE ATTACHED PAGE | |

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,000,000.00 |
| Other Relief Sought | |

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** <br> WILLIAM BRADFORD WHEATLEY || **BANKRUPTCY CASE NO.** <br> 8:13-15381-CB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT | **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** <br> JUDGE BAUER |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ CHRISTOPHER J. GREEN |||
| **DATE** <br> 6/24/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> CHRISTOPHER J. GREEN ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

(1) AVOIDANCE AND RECOVERY OF THE 1999 NOTE AND 2000 NOTE AS UNENFORCEABLE DEBT PURSUANT TO 11 U.S.C. § 544(b), 11 U.S.C. § 550, and ALABAMA CODE § 6-2-34; (2) AVOIDANCE AND RECOVERY OF THE 2000 NOTE AND 2009 NOTE AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b), 11 U.S.C. § 550, AND 740 I.L.C.S. § 160; (3) AVOIDANCE AND RECOVERY OF THE 2002 CHARGE AS A FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b), 11 U.S.C. § 550, 740 I.L.C.S. § 160; (4) AVOIDANCE AND RECOVERY OF THE PURPORTED LIENS SECURING THE 2000 NOTE AND 2009 NOTE AS UNPERFECTED LIENS PURSUANT TO 11 U.S.C. § 544(a), 11 U.S.C. § 550 AND THE ANTIGUA REGISTERED LAND ACT (CHAPTER 374(64)); (5) PRESERVATION OF ALL NOTES AND ALL LIENS FOR THE BENEFIT OF THE ESTATE; (6) EQUITABLE SUBORDINATION OF ALL NOTES AND ALL LIENS PURSUANT TO 11 U.S.C. § 510(c); AND (7) AWARD OF ATTORNEYS' FEES AND COSTS